## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00139-PAB-NYW

CHRISTOPHER MATTHEWS,

      Plaintiff,

v.

ALEXANDER CANDIE,
MICHAEL ZAMORA,
JAY SMITH,
STATEWIDE SECURITY UNIT, LLC,
ECLIPSE EVENT CENTER CORPORATION, and
STEVE MESTAS d/b/a AIRTIGHT BOXING,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

This matter comes before this court for recommendation on Plaintiff Christopher Matthews's ("Plaintiff" or "Mr. Matthews") Opposed Motion for Leave to File Second Amended Complaint and Jury Demand (the "Motion to Amend" or "Motion"), filed April 30, 2020. [#40]. The presiding judge, the Honorable Philip A. Brimmer, referred this Motion to the undersigned pursuant to 28 U.S.C. § 636(b) and the Memoranda dated April 30, 2020. [#41]. This court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon review of the Motion, the applicable case law, and being fully advised in its premise, this court respectfully **RECOMMENDS** that the Motion to Amend be **GRANTED**.

## BACKGROUND

The events giving rise to this matter occurred on November 16, 2018, when Mr. Matthews and his girlfriend attended the "Proving Grounds" boxing match at the Eclipse Event Center. [#15

at ¶ 31].  Following reports of a disturbance caused by Mr. Matthews, Defendants Zamora, Smith, and Candie, who were providing security for the boxing match, approached Mr. Matthews and asked him to leave.  *See* [*id.* at ¶¶ 32-37].  While escorting Mr. Matthews from the boxing match, Defendant Candie allegedly placed Mr. Matthews in a "full-nelson hold" and twice tried to ram Mr. Matthews into the glass exit door.  *See* [*id.* at ¶¶ 43-58].  At some point, Defendant Candie fell on Mr. Matthews because the exit door would not open, resulting in Mr. Matthews breaking his right leg and severing an artery in his leg due to shattered glass.  *See* [*id.* at ¶¶ 59-61, 63-65].  Defendants Zamora and Smith witnessed the altercation but did not intervene or stop the altercation.  *See* [*id.* at ¶¶ 38-39, 45-46, 50, 52, 57-58].

Emergency Medical Services transported Plaintiff to Denver Health; on the way, he twice required resuscitation.  *See* [*id.* at ¶¶ 66-67].  Mr. Matthews's injuries were so severe that doctors placed him in the Intensive Care Unit ("ICU")."  [*Id.* at ¶¶ 68-69].  Nearly eight months after the incident, Mr. Matthews continued to suffer from an open wound on his right leg and was contemplating amputation.  *See* [*id.* at ¶ 70].

Mr. Matthews initiated this civil action on January 17, 2020.  [#1].  In his operative Amended Complaint, Plaintiff asserts claims for: (1) excessive force pursuant to 42 U.S.C. § 1983 against Defendant Candie; (2) failure to intervene pursuant to 42 U.S.C. § 1983 against Defendants Zamora and Smith; (3) willful and wanton negligence against Defendants Eclipse Event Center and Airtight Boxing; (4) negligent hiring, supervision, and retention against Defendants Airtight Boxing and Statewide Security Unit, LLC; (5) vicarious liability and *respondeat superior* against Defendant Statewide Security Unit, LLC; and (6) premises liability against Defendants Statewide Security Unit, LLC and Airtight Boxing.  *See* [#15].

This court set this matter for a Scheduling Conference to occur on April 27, 2020; however, Defendants Zamora and Smith filed an unopposed Motion to Vacate the Scheduling Conference and to Stay (the "Motion to Stay") these proceedings pending the court's disposition of their pending Motion to Dismiss. [#33]. The undersigned granted the Motion to Stay, thereby staying this matter until Chief Judge Brimmer had ruled on Defendants Zamora and Smith's Motion to Dismiss. *See* [#35].

Following the issuance of the stay, Mr. Matthews filed the instant Motion to Amend. [#40]. Plaintiff explains that the Motion merely seeks leave to remove Defendant Statewide Security Unit, LLC from Plaintiff's premise liability claim and instead add Defendant Eclipse Event Center to that claim. *See generally* [*id.*]. Defendants Zamora, Smith, and Airtight Boxing do not oppose the Motion; Defendants Candie and Statewide Security Unit, LLC have yet to be served and therefore take no position; and Defendant Eclipse Event Center ("Eclipse") opposes the Motion. [*Id.* at 1]. Despite its indicated opposition, Eclipse has yet to file its Response to the Motion to Amend and the time to do so has since expired. Accordingly, I conclude it is appropriate to consider the Motion to Amend presently. *See* D.C.COLO.LCivR 7.1(d).

## LEGAL STANDARD

When, as here, a plaintiff seeks leave to amend prior to the deadline for amendment of pleadings and joinder of parties set by the court, Rule 15(a)(2) governs the court's analysis. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019). Rule 15(a)(2) provides that courts are to grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule's purpose is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (internal quotation marks omitted).

"A court may deny leave, however, on account of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (internal quotation marks omitted).  Further, a court may deny leave to amend in the absence of a formal motion requesting leave to amend, because a "bare request to amend in response to a motion to dismiss" does not alert the court or opposing party of the request to amend or the basis for it. *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) (internal quotation marks omitted); *see also* D.C.COLO.LCivR 7.1(d) (prohibiting the inclusion of a motion within a response).  Whether to permit amendment is within the court's discretion.  *See Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1189 (10th Cir. 2019).

## ANALYSIS

As mentioned, Plaintiff requests leave to add Eclipse as a Defendant to his premise liability claim, to include additional factual allegations to this effect, and to remove Statewide Security Unit, LLC as a Defendant to his premise liability claim.  *See* [#40].  Plaintiff asserts he does not seek amendment in bad faith, but rather to correct an error in the Amended Complaint based on conferral with Eclipse.  *See* [*id.* at 4].  Further, he contends amendment is not futile, prejudicial, and not unduly delayed.  *See* [*id.* at 4-6].  This court respectfully agrees.

First, I find that the Motion to Amend is not unduly delayed, as this court has yet to set a deadline for amendment of pleadings and Mr. Matthews provides sufficient justification for why he seeks leave to amend now.  *See Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2018 WL 822552, at *4 (D. Colo. Feb. 12, 2018) (concluding that amendment was timely when filed by the deadline for amendment of pleadings); *cf. Cohen v. Longshore*, 621 F.3d 1311, 1314

4

(10th Cir. 2010) (concluding that the district court erred in denying leave to amend where the plaintiff sought leave to amend only 10 days after the deadline for amendment of pleadings and explained that a medical condition caused the delay).  Nor is it apparent from the face of the tendered Second Amended Complaint that amendment is futile.  *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

Next, I conclude no party will suffer prejudice by allowing amendment, because the proposed amendments do not include new claims or arise from new subject matter, this court has stayed this matter pending the disposition of Defendants Zamora and Smith's Motion to Dismiss, and Plaintiff represents that amendment will not affect that Motion to Dismiss.  *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (explaining that prejudice arises when amendment includes new claims and new subject matter, which affects defendant's ability to defend the case against them); *see also Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) ("expenditure of time, money, and effort alone is not grounds for a finding of prejudice.").  Indeed, despite indicating its opposition, Eclipse has not filed an opposition to the Motion to Amend in the time allotted, and therefore there is no opposition from Defendants.  For these reasons, amendment seems appropriate.

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1)      Plaintiff's Motion to Amend [#40] be **GRANTED**.[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection

DATED: May 29, 2020                                    BY THE COURT:

                                                       _____
                                                       Nina Y. Wang
                                                       United States Magistrate Judge

---

for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings of fact, conclusions of law, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).