**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-CV-00139-PAB-NYW

CHRISTOPHER MATTHEWS,

Plaintiff,

v.

ALEXANDER CANDIE, in his individual capacity;
MICHAEL ZAMORA, Denver Police Department, in his individual capacity;
JAY SMITH, Denver Police Department, in his individual capacity;
STATEWIDE SECURITY UNIT, LLC;
ECLIPSE EVENT CENTER CORPORATION; and
STEVE MESTAS, d/b/a AIRTIGHT BOXING,

Defendants.

---

**OBJECTION TO RECOMMENDATION OF UNITED STATES MAGAISTRATE JUDGE**

---

Defendant Eclipse Event Center Corporation, by and through its counsel, Fowler, Schimberg, Flanagan & McLetchie, P.C., hereby submits its Objection to the May 29, 2010 Recommendation of United States Magistrate Judge (Doc. 49) as follows.

**1. Introduction**

Defendant Eclipse Event Center Corporation ("Eclipse") Objects to the Recommendation of United States Magistrate Judge (Doc. 49) ("Recommendation") that recommends Plaintiff's Opposed Motion for Leave To File Second Amended Complaint and Jury Demand ("Motion for Leave to Amend") (Doc. 40) be granted. The Plaintiff's Motion for Leave to Amend seeks to amend Plaintiff's First Amended Complaint to add Defendant Eclipse to Plaintiff's premises liability claim. The Magistrate Judge's Recommendation that the Motion for Leave to Amend be

granted includes a conclusion that the Motion is not futile. The Recommendation also notes that Eclipse objected to the Motion for purposes of conferral and that Eclipse did not file a response to the Motion for Leave to Amend.

Defendant Eclipse did not file a response to Plaintiff's Motion for Leave because it relied on the Magistrate Judge's April 9, 2020 Order that states in part "This matter is hereby STAYED pending the court's disposition of the pending Motion to Dismiss, and the Scheduling Conference set for 4/27/2020 is VACATED." Order, Doc. 35.  Following the entry of that Order the stay has not been lifted or modified.  Eclipse would be prejudiced should the Court adopt the Recommendation that Plaintiff's Motion for Leave to Amend be granted and specifically objects to the recommended conclusion that the proposed amendment to Plaintiff's Complaint is not futile.

This Objection is timely.

**2. Objection**

Police officer Defendants Smith and Zamora filed an Unopposed Motion to Stay that asserted authority in support thereof based on their defense of qualified immunity from Plaintiff's 42 U.S.C. § 1983 claims.  (Doc. 33).  While that Motion asserted that discovery should be stayed under prevailing case law, the Order granting Defendants Smith and Zamora's Unopposed Motion to Stay did not limit the scope of the stay, aside from permitting the resolution of qualified immunity issues, but Ordered "this matter is hereby STAYED".   That Order states full:

> ORDER granting [33] Motion to Stay by Magistrate Judge Nina Y. Wang on 4/9/2020. This matter is hereby STAYED pending the court's disposition of the pending Motion to Dismiss, and the Scheduling Conference set for 4/27/2020 is VACATED. The Parties shall jointly contact the undersigned's chambers within three (3) business days of any ruling on the Motion to Dismiss to set a Scheduling Conference if necessary. The Parties should anticipate such Scheduling Conference to be held within 30 days of a ruling on the Motion to to Dismiss. Text Only Entry(nywlc2, )

Doc. 35.

With regard to Plaintiff's Complaints there has been a robust conferral about Eclipse's motion to dismiss, which has not been filed due to the stay order. At all times during conferral Eclipse has maintained that it should not be a Defendant and that each of the claims pled against it do not state a claim for which relief can be granted. When advised that the Plaintiff intended to file the Motion for Leave to Amend, Eclipse maintained its position that the existing claims and the proposed new claim against Eclipse under Colorado's premises liability statute do not state claims for relief that can be granted. Counsel for Eclipse also questioned the filing a substantive Motion while the matter is stayed. The parties' email conferral about the Motion for Leave is attached at Exhibit A.[1] Prior to that conferral the parties had emailed and spoke at length on the telephone about Eclipse's position under Fed.R.Civ.Proc 12(b)(6) concerning Plaintiff's prior Complaints.

Notwithstanding that Plaintiff filed his Motion for Leave to Amend while the stay order was in force, based on the commonly understood effect of a stay – that further proceedings are suspended – counsel for Eclipse presumed that no action would be taken on the Motion until after the stay was lifted and, thereafter, Eclipse had filed its response. The Motion for Leave to Amend requested leave to amend Plaintiff's First Amended Complaint to assert a Second Amended Complaint. That Motion did not seek a limited lift of the stay for resolution of the Motion for Leave to Amend. Aside from permitting further briefing on the defense of qualified immunity

---

[1] Undersigned counsel's April 27, 2020 email included a citation error: "C.R.C.P. 12(b)(5)" was inadvertently referenced instead of the correct rule for this Court, F.R.C.P. 12(b)(6).

raised by Defendants Smith and Zamora, the Order imposing the stay did not carve out any other exceptions to the stay.

Defendant Eclipse relied on the Order that "this matter is hereby STAYED". Pursuant to that Order, Eclipse intended to respond to the Motion for Leave to Amend once the stay was lifted and did not anticipate that further proceedings, aside from resolving other Defendants' immunity defense, would continue. The Magistrate Judge's Recommendation acknowledges that the matter is stayed and concludes that the proposed amendment will not affect Defendants' Zamora and Smith's Motion to Dismiss.  Doc 49, p. 5.  However, the proposed amendments do affect Eclipse. The Recommendation also found that Eclipse did not file a response to the Motion for Leave to Amend, and, therefore concluded that the Motion was not opposed.

By not filing a response to Plaintiff's Motion for Leave to Amend, Eclipse abided by the Order that this matter is stayed.  Entry of the Recommendation as an Order of the Court would prejudice Eclipse for complying with that Order while rewarding Plaintiff for violating that Order. Specially, Eclipse objects to the Court adopting the Recommendation's proposed finding that the Amendment to Plaintiffs First Amended Complaint is not futile, which could foreclose Eclipse's argument to the contrary notwithstanding that Eclipse's arguments have not yet been considered.

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).  Accordingly, under the Recommendation before the Court and its proposed finding that the proposed amendment is not futile, if adopted, Eclipse could be foreclosed from asserting some of its arguments for dismissal. So as not to delay these proceedings further once the stay is lifted, Eclipse does not object to the Court tentatively granting Plaintiff's Motion for Leave to Amend, provided that Eclipse is not

4

foreclosed from moving to dismiss all claims pled against Eclipse including the new claim pled under Colorado's premises liability statute in Plaintiff's Second Amended Complaint.

### 3. Conclusion

For the reasons set forth herein, Eclipse Objects to the entry of the Magistrate Judge's May 29, 2020 Recommendation. Eclipse should be permitted to file a response to Plaintiff's Opposed Motion for Leave to File Second Amended Complaint, along with a motion to dismiss the claims pled against Eclipse in Plaintiff's First Amended Complaint, once the stay is lifted. Alternatively, so as not to delay matters further once the stay is lifted, Eclipse does not object to the Court tentatively granting Plaintiff's Motion for Leave to Amend, provided that Eclipse is not foreclosed from filing a motion to dismiss all claims pled against it in one motion to dismiss once the stay is lifted.

Respectfully submitted this 11th day of June, 2020.

>*/s/ Brian E. Widmann*
>Daniel M. Fowler
>Brian E. Widmann
>Fowler, Schimberg, Flanagan & McLetchie, P.C.
>350 Indiana Street, Suite 850
>Golden, CO 80401
>(303) 298-8603
>Fax: (303) 298-8748
>D_folwer@fsf-law.com
>b_widmann@fsf-law.com
>*Attorneys for Defendant Eclipse Event Center Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2020, I caused a true and correct copy of the foregoing **OBJECTION TO RECOMMENDATION OF UNITED STATES MAGAISTRATE JUDGE** to be served via the CM/ECF e-filing system upon each of the following:

Colleen T. Calandra, Esq.
Rebekah Stern, Esq.
Clarence Gamble, Esq.
Ramos Law, P.C.
10190 Bannock Street, Suite 200
Northglenn, CO 80260
*Counsel for Plaintiff Christopher Matthews*

Robert C. Huss, Assistant City Attorney
Denver City Attorney's Office, Litigation
Section 201 W. Colfax Ave., Dept. 1108
Denver, CO 80202-5332
*Attorneys for Defendants Jay Smith and
Michael Zamora*

Peter C. Middleton, Esq
Hall & Evans, LLC
10001 Seventeenth Street, Suite 300
Denver, CO 80202
*Attorneys for Defendant Steve Mestas, d/b/a
Airtight Boxing*

                                                    */s/Sylvia Osiecka*
                                                    Sylvia Osiecka