## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00139-PAB-NYW

CHRISTOPHER MATTHEWS,

      Plaintiff,

v.

ALEXANDER CANDIE,
MICHAEL ZAMORA,
JAY SMITH,
STATEWIDE SECURITY UNIT, LLC,
ECLIPSE EVENT CENTER CORPORATION, and
STEVE MESTAS d/b/a AIRTIGHT BOXING,

      Defendants.

---

## ORDER DENYING MOTION FOR SUBSTITUTE SERVICE

---

Magistrate Judge Nina Y. Wang

This matter comes before this court on Plaintiff Christopher Matthews's ("Plaintiff" or "Mr. Matthews") Partially Opposed Motion to Permit Substituted Service on Defendant Statewide Security Unit, LLC (the "Motion for Substitute Service" or "Motion"), filed June 23, 2020. [#57]. The presiding judge, the Honorable Philip A. Brimmer, referred this Motion to the undersigned pursuant to 28 U.S.C. § 636(b) and the Memoranda dated June 23, 2020. [#58]. Upon review of the Motion and attached exhibits, and the applicable case law, this court **DENIES without prejudice** the Motion for Substitute Service.

## BACKGROUND

The events giving rise to this matter occurred on November 16, 2018, when Mr. Matthews and his girlfriend attended the "Proving Grounds" boxing match at the Eclipse Event Center. [#15 at ¶ 31]. Following reports of a disturbance caused by Mr. Matthews, Defendants Zamora, Smith,

and Candie, who were providing security for the boxing match, approached Mr. Matthews and asked him to leave. *See* [*id.* at ¶¶ 32-37]. While escorting Mr. Matthews from the boxing match, Defendant Candie allegedly placed Mr. Matthews in a "full-nelson hold" and twice tried to ram Mr. Matthews into the glass exit door. *See* [*id.* at ¶¶ 43-58]. At some point, Defendant Candie fell on Mr. Matthews because the exit door would not open, resulting in Mr. Matthews breaking his right leg and severing an artery in his leg due to shattered glass. *See* [*id.* at ¶¶ 59-61, 63-65]. Defendants Zamora and Smith witnessed the altercation but did not intervene or stop the altercation. *See* [*id.* at ¶¶ 38-39, 45-46, 50, 52, 57-58].

Emergency Medical Services transported Plaintiff to Denver Health; on the way, he twice required resuscitation. *See* [*id.* at ¶¶ 66-67]. Mr. Matthews's injuries were so severe that doctors placed him in the Intensive Care Unit ("ICU")." [*Id.* at ¶¶ 68-69]. Nearly eight months after the incident, Mr. Matthews continued to suffer from an open wound on his right leg and was contemplating amputation. *See* [*id.* at ¶ 70].

Mr. Matthews initiated this civil action on January 17, 2020. [#1]. In his operative Amended Complaint, Plaintiff asserts claims for: (1) excessive force pursuant to 42 U.S.C. § 1983 against Defendant Candie; (2) failure to intervene pursuant to 42 U.S.C. § 1983 against Defendants Zamora and Smith; (3) willful and wanton negligence against Defendants Eclipse Event Center and Airtight Boxing; (4) negligent hiring, supervision, and retention against Defendants Airtight Boxing and Statewide Security Unit, LLC; (5) vicarious liability and *respondeat superior* against Defendant Statewide Security Unit, LLC; and (6) premises liability against Defendants Statewide Security Unit, LLC and Airtight Boxing. *See* [#15].[1] This court has stayed setting this matter for

---

[1] On May 29, 2020, the undersigned recommended granting Plaintiff leave to file a Second Amended Complaint which removed Defendant Statewide Security Unit, LLC from Plaintiff's premise liability claim and instead added Defendant Eclipse Event Center to that claim. *See* [#49].

a Scheduling Conference and entering a Scheduling Order until Chief Judge Brimmer has disposed of Defendants Zamora and Smith's Motion to Dismiss.  *See* [#35].

Presently before this court is Plaintiff's Motion for Substitute Service, wherein Plaintiff seeks leave to serve his First Amended Complaint on Defendant Statewide Security, LLC ("Statewide") through the sister and/or mother of Statewide's registered agent Michael Nielsen. [#57 at 1-2].  Plaintiff indicates that Defendant Steve Mestas d/b/a Airtight Boxing ("Airtight Boxing") opposes the Motion.[2]  [*Id.* at 2].    Accordingly, I conclude it is appropriate to consider the Motion for Substitute Service without any further briefing.  *See* D.C.COLO.LCivR 7.1(d).

## LEGAL STANDARD

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process upon individuals located within a federal judicial district. Fed. R. Civ. P. 4(e).  Pertinent here, the Rule allows for service by methods approved by state law "where the district court is located or where service is made."  *Id.* 4(e)(1).  For purposes of a limited liability company ("LLC"), Colorado law requires personal service on the LLC "by delivering a copy of [the summons] to the registered agent for service," or to a manager if management is vested in managers, or a member if management is vested in the members.  Colo. R. Civ. P. 4(e)(4)(C)-(D).  Colorado law recognizes "service by mail or publication" but "only in actions affecting specific property or status or other proceedings in rem" and only after the serving party files a verified motion seeking permission to do so.  Colo. R. Civ. P. 4(g).  When service by mail or publication is not otherwise available, Rule 4(f) provides for substitute service but likewise requires the serving party to file a motion

---

That Recommendation remains pending and so the First Amended Complaint remains the operative pleading in this matter.

[2] It is unclear how Airtight Boxing would have standing to object to substitute service on an unrelated business entity co-defendant, particularly when the case is in its preliminary stages.

requesting substitute service that demonstrates the serving party's due diligence in attempting to serve the identified party. *See id.* 4(f). To accord with the Due Process Clause of the United States Constitution, Rule 4(f) requires a plaintiff to demonstrate that substituted service "is appropriate under the circumstances and reasonably calculated to give actual notice to the defendant." *Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1240-41 (Colo. 2012) (quoting Colo. R. Civ. P. 4(f)) (concluding that substitute service in the United States under Rule 4(f) was a permissible and valid way to serve a defendant residing in Mexico).

## ANALYSIS

Substituted service pursuant to Rule 4(f) of the Colorado Rules of Civil Procedure is appropriate

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f).

Plaintiff seeks leave to serve Statewide through substituted service under Colo. R. Civ. P. 4(f) by serving the sister and/or mother of Statewide's registered agent and sole owner Michael

4

Nielsen. [#57 at 2]. Plaintiff explains he hired a private investigator to serve Statewide, whose registered address with the Colorado Secretary of State is a street address in Denver, Colorado. [*Id.*; #57-1]. According to the Declaration of Plaintiff's private investigator Jennifer Flood ("Ms. Flood"), she unsuccessfully attempted service three times on Statewide: (1) at Statewide's Denver address on January 27, 2020; (2) at a second Denver address, where an unknown male answered the door and stated Mr. Nielsen did not live at that address on January 29, 2020—Ms. Flood spoke to Mr. Nielsen by phone and he represented that he did not have his own phone and would not provide an address to Ms. Flood; and (3) at a third Denver address on June 5, 2020. *See* [#57-2]. Ms. Flood further declares that a man named "Benjamin" stated Mr. Nielsen moved to Greeley, Colorado but did not know Mr. Nielsen's address; however, Ms. Flood's various searches for Statewide and Mr. Nielsen, including vehicle searches, vehicles located on premises, family members, police records, telephone records, utility records, and other databases, revealed several overlapping residential addresses for Mr. Nielsen, which appeared intentionally misleading. *See* [*id.* at 1-2]. For this reason, Plaintiff requests substitute service on Mr. Nielsen's sister and/or mother, both of whom live at the same address in Denver. [#57 at 3].

Based on the foregoing, I respectfully conclude Mr. Matthews demonstrates his due diligence in attempting to personally serve Statewide. "'Due diligence' is commonly understood as 'the diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation.'" *Owens v. Tergeson*, 363 P.3d 826, 835 (Colo. App. 2015) (quoting Black's Law Dictionary 553 (10th ed. 2014)). However, due diligence is not the only showing required under Rule 4(f)—Mr. Matthews must establish that substituted service on the Mr. Nielsen's sister and/or mother is "appropriate under the circumstances and reasonably calculated to give actual notice" to Mr. Nielsen and Statewide. Colo. R. Civ. P. 4(f).

Mr. Matthew's merely states in his Motion, "Serving Mr. Nielsen's sister or mother is appropriate under the circumstances and reasonably calculated to give actual notice to Defendant Statewide." [#57 at 3].  Mr. Matthews provides no factual support for why this is true.  There are no allegations that Mr. Nielsen's sister or mother have any role with Defendant Statewide.  Nor are there allegations that Mr. Nielsen resides with them or regularly visits them.  Without more, this court concludes Mr. Matthews fails to satisfy his burden under Rule 4(f).  *See Minshall v. Johnston*, 417 P.3d 957, 962 (Colo. App. 2018) (concluding that Rule 4(f) is not satisfied merely by alleging that the designated person for substitute service will notify the party to be served of the suit, but rather by demonstrating through evidence that designated person is "reasonably calculated to give actual notice" of the suit to the defendant).

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)    Plaintiff's Motion for Substitute Service [#57] is **DENIED without prejudice**.

DATED: June 26, 2020                                     BY THE COURT:

Nina Y. Wang
United States Magistrate Judge